1

2

3

4

5              IN THE UNITED STATES DISTRICT COURT

6            FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    UNITED STATES OF AMERICA,                    No. C 06-00725 SI

9              Plaintiff,                          **ORDER GRANTING DEFENDANT'S
                                                   MOTION TO COMPEL AND DENYING
10      v.                                         AS MOOT DEFENDANT'S MOTION
                                                   FOR PRODUCTION OF JENCKS ACT
11   TREVOR GRAHAM,                                AND *BRADY/GIGLIO* MATERIALS**

12              Defendant.
     _____/

13

14          On April 25, 2008, the Court heard argument on defendant's request for production of Jencks

15   Act and *Brady/Giglio* materials, as well as defendant's motion to compel the United States Anti-Doping

16   Agency ("USADA") to produce certain documents.  Having considered the arguments of counsel and

17   the papers submitted, the Court hereby GRANTS defendant's motion as to USADA and DENIES AS

18   MOOT defendant's motion as to the government.

19

20                              **BACKGROUND**

21          Defendant Trevor Graham is charged with three counts of making false statements to the

22   government in violation of 18 U.S.C. § 1001 based upon alleged statements he made in an interview

23   with government agents on June 8, 2004.

24          On January 30, 2008, counsel for both sides met and conferred on discovery issues.  Defendant's

25   current counsel renewed his previous counsel's request that the government obtain and produce all

26   witness statements from USADA and any *Brady/Giglio* material relevant to this case in the possession

27   of the USADA.  The prosecution declined, stating that USADA was not a federal agency and that it had

28   no obligation to provide this information.  Thereafter, defendant served a subpoena on USADA to obtain

materials in its possession.  USADA returned some documents but withheld notes taken by USADA's general counsel during interviews with potential witnesses against defendant.  Currently before the Court are defendant's motion for the production of Jencks Act and *Brady/Giglio* materials and motion to compel USADA to provide documents it has withheld.

**DISCUSSION**

**I.     Defendant's motion to compel documents from USADA**

In response to a subpoena served by defendant, USADA withheld certain documents, explaining on a privilege log that these documents were withheld "based on the attorney-client privilege, the investigatory privilege and/or the work product doctrine."  Keane Decl. at ex. B.  The documents in question consist of "various notes taken by Travis Tygart, then USADA's general counsel, and William Bock, USADA's current general counsel, of their interviews with individuals the government has indicated are likely to be witnesses against Mr. Graham at trial," including Angel Heredia, who defendant asserts is "the single most important witness for the government in this prosecution."  Defendant's Motion to Compel at 3.  Defendant argues that these privileges do not apply to USADA. In response, USADA concedes that the attorney-client privilege does not apply here, but argues that the investigatory privilege and the work product doctrine apply to the notes of its general counsel.

**A.     The investigatory privilege**

The Ninth Circuit has explained that the investigatory privilege applies to the "informal deliberations of all prosecutorial agencies and branches of the government."  *NLRB v. Silver Spur Casino*, 623 F.2d 571, 580 (9th Cir. 1980).  Other courts have held that the privilege extends to "non-governmental self-regulatory entit[ies]" that can assert "the investigatory privilege on the basis of the public interest in preserving the ability of self-regulatory bodies to function effectively."  *DGM Invs., Inc. v. N.Y. Futures Exchange, Inc.*, 224 F.R.D. 133, 140 (S.D. N.Y. 2004); *see also Ross v. Bolton*, 106 F.R.D. 22, 24 (S.D. N.Y. 1985) (applying the privilege to documents held by the National Association of Securities Dealers).  Those courts have explained that where the privilege applies, "the party seeking discovery must establish a need for the privileged information that outweighs the

competing interest in non-disclosure." *DGM Invs.*, 224 F.R.D. at 140 ("Nonetheless, where the limited information sought by a party seeking discovery from a non-governmental regulatory body's investigatory files is 'crucial' to the party's cause of action, it may outweigh the strong public interest in maintaining the confidentiality of investigatory materials.").

Defendant argues that the investigatory privilege does not apply here because in the Ninth Circuit it applies only to governmental law enforcement entities. Defendant also argues that if the privilege applies to non-governmental entities, it would apply only to regulatory bodies operating pursuant to a statutory mandate, and also would apply only in the context of civil, not criminal, discovery. USADA argues that the privilege has been extended to non-government entities much like USADA. The Court agrees that the investigatory privilege would likely apply to USADA because it performs a regulatory function over athletic competitions that is similar to the non-governmental regulatory functions of the entities at issue in the prior cases, and the caselaw does not suggest that an entity must operate under a statutory mandate in order to take advantage of the privilege's protections.[1]

That said, the Court finds that defendant has made a sufficient showing of the need for the material that outweighs USADA's interest in non-disclosure. First, unlike all of the cases cited by USADA, this is a criminal case. This alone makes defendant's need far more "crucial," *id.*, than the need shown in the cases on which USADA relies. Second, defendant's attorneys clarified at oral argument that they have been unable to interview the witnesses at issue, at least two of whom have refused to discuss the case, and therefore need the notes regarding USADA's interviews with those witnesses to determine how they are likely to testify against defendant at trial. Third, as USADA notes, the purpose of the investigatory privilege is to support the confidentiality of investigative files so that the investigations may continue and the privacy of witnesses to those investigations will be maintained. Here, unlike in the context of competing civil enforcement mechanisms, USADA's investigation of

---

[1] Defendant also argues that there are a series of steps that must be taken before the investigatory privilege is claimed. *See DGM Invs.*, 224 F.R.D. at 139-40. Courts applying the privilege to non-governmental organizations have not enforced these requirements, however. *See id.* at 140 ("Where, however, a non-governmental self-regulatory entity has asserted the investigatory privilege on the basis of the public interest in preserving the ability of self-regulatory bodies to function effectively these requirements appear to have been applied less rigorously, if at all.").

**United States District Court**
For the Northern District of California

1    defendant is of far less consequence than the federal government's criminal case against him, and at

2    least some of the witnesses are likely to reveal themselves by testifying against him.  Moreover,

3    USADA itself has been instrumental in providing information to the prosecution to permit the criminal

4    case to go forward, and thus the Court questions whether it would be appropriate in this particular case

5    to permit USADA to assert the privilege on the grounds that it wishes to protect its own arbitration

6    against defendant.  In short, assuming the investigatory privilege extends to USADA, the Court finds

7    that defendant's need for the information outweighs USADA's interest in non-disclosure.

8

9            **B.        The work-product doctrine**

10           The work-product doctrine protects "written statements, private memoranda and personal

11    recollections prepared or formed by an adverse party's counsel in the course of his legal duties."

12    *Hickman v. Taylor*, 329 U.S. 495, 510 (1947); *see also* Fed. R. Civ. P. 26(b)(3)(A) ("Ordinarily, a party

13    may not discover documents and tangible things that are prepared in anticipation of litigation or for trial

14    by or for another party or its representative (including the other party's attorney, consultant, surety,

15    indemnitor, insurer, or agent)").  The doctrine applies in criminal as well as civil cases.  *United States*

16    *v. Nobles*, 422 U.S. 225, 236 (1975).

17           Defendant's primary argument is that the work-product doctrine may only be claimed by parties

18    to the litigation at issue.  USADA appears to concede that the work-product doctrine, as embodied in

19    Federal Rule of Civil Procedure 26, applies only to parties to the litigation and would not, therefore,

20    apply to non-parties such as USADA.  Instead, USADA argues that its claim of work-product protection

21    arises under federal common law, not the Federal Rules of Civil Procedure.  USADA argues that federal

22    common law, as articulated in *Hickman*, is broader than Rule 26 and thus supports the application of

23    the doctrine to non-parties.  *See Abdell v. City of New York*, 2006 WL 2664313, *3 (S.D. N.Y. Sept. 14,

24    2006); *In re Student Finance Corp.*, 2006 WL 3484387, *10 (E.D. Pa. Nov. 29, 2006).

25           For the following reasons, the Court disagrees.  First, *Hickman* did not address the application

26    of the work-product doctrine to non-parties.  Second, the Ninth Circuit has not recognized the possibility

27    that the federal common law may permit the application of the doctrine to the work product of non-

28    parties.  The Ninth Circuit in *In re California Public Utilities Commission*, 892 F.2d 778 (9th Cir. 1989),

**United States District Court**
For the Northern District of California

1  held that the work-product doctrine of Rule 26(b)(3), "on its face, limits its protection to one who is a

2  party (or a party's representative) to the litigation in which discovery is sought," *id.* at 781; *see also San*

3  *Francisco Bay Area Rapid Transit Dist. v. Spencer*, 2006 WL 2734284, *2-3 (N.D. Cal. Sept. 25, 2006);

4  6-26 Moore's Federal Practice, § 26.70[4] (3d ed. 2007) ("If the document is prepared for a nonparty

5  to the litigation, work product protection does not apply, even if the nonparty is a party to closely related

6  litigation.").  In so holding, the Ninth Circuit specifically noted that "some courts have extended the

7  work product privilege outside the literal bounds of the rule," but declined to do so.  *In re CPUC*, 892

8  F.2d at 781.  The court also considered and rejected the argument, raised by the non-party asserting the

9  privilege, that "the policy behind Rule 26(b)(3) requires that the materials in question be protected from

10 discovery [because] disclosure here would defeat the key purpose of the rule, which is to safeguard the

11 attorney-client relationship by enabling attorneys to record their thoughts and advice candidly and

12 completely." *Id.*  This argument, that the policy behind Rule 26(b)(3) is broader than the plain language

13 of the rule and that non-parties should therefore warrant work-product protection, is essentially the

14 argument raised by USADA here regarding the broader outlines of the federal common law work-

15 product doctrine.[2]  Given the full consideration provided by the Ninth Circuit, the Ninth Circuit's failure

16 to recognize a federal common law work-product doctrine, and the Court's hesitancy to expand the

17 doctrine, *see United States v. Nixon*, 418 U.S. 683, 710 (1974) (explaining that privileges are

18 "exceptions to the demand for every man's evidence [and as such] are not lightly created nor

19 expansively construed, for they are in derogation of the search for truth"), the Court declines to create

20 a new rule expanding the work-product doctrine to cover non-parties.

21      In any case, even if the Court were to recognize a common law work-product doctrine broader

22 than Rule 26(b)(3), the Court finds that defendant can make the required showing that the doctrine

23 should give way in his particular case, for the reasons discussed above.  *Hickman*, 329 U.S. at 511

24 ("[P]roduction might be justified where the witnesses are no longer available or can be reached only

26      [2] USADA also relies on the case of *United States v. Bergonzi*, 216 F.R.D. 487 (N.D. Cal. 2003),
27 in which a court in this district held that a non-party to the litigation had waived the work-product
   doctrine by sharing the materials with others.  That case, however, did not consider whether the work-
28 product doctrine applied to non-parties, and did not discuss the Ninth Circuit's decision in *In re
   California Public Utilities Commission*.

with difficulty.").  To the extent USADA has concerns about the unlikely possibility of its attorneys being called to testify at defendant's trial, the Court notes that USADA chose to have its attorneys, rather than investigators, interview these witnesses.  This concern does not outweigh defendant's interest in access to this evidence.

Defendant has agreed, *see* Defendant's Motion to Compel at 8 n.5, that he seeks only "USADA's records to these witnesses' comments," and that he would not object to the redaction of any "mental impressions" of the attorneys.  Further, defendant has agreed, *see* Defendant's Motion to Compel at 5 n.3, that he "will agree not to use any of the materials he obtains in this case in any proceeding or for any other purpose than in this litigation."  Should such a protective order be presented by the parties, the Court will sign it.  *See In re CPUC*, 892 F.2d at 781.

The Court GRANTS defendant's motion to compel.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS defendant's motion to compel USADA to produce the requested notes and memoranda of witness interviews [Docket No. 127].  Defendant has acknowledged that if the Court grants his motion to compel the documents in USADA's possession, his motion with regard to the government will be moot.  The Court therefore DENIES AS MOOT defendant's motion for production of Jencks Act and *Brady/Giglio* materials [Docket No. 93].  The government must, however, disclose any USADA-related Jencks Act and *Brady/Giglio* materials that come into the government's possession.

**IT IS SO ORDERED.**

Dated: April 25, 2008

_____
SUSAN ILLSTON
United States District Judge