IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 06-0725 SI |
| Plaintiff, | **FINAL PRETRIAL SCHEDULING ORDER** |
| v. | |
| TREVOR GRAHAM, | |
| Defendant. / | |

On May 6, 2008, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning May 19, 2008. All parties were represented by counsel. The following matters were resolved:

1. **Trial schedule**: The parties expect that the case will take seven or fewer days to complete. The Court does not hear trials on Fridays (although deliberating juries may continue their deliberations on Friday). The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at 12:00 p.m. and a 15 minute break at 2:00 p.m., all times approximate. Monday, May 26, 2008 is a federal holiday; no court will be conducted that day.

2. **Number of jurors and challenges**: There shall be a jury of twelve members, plus two alternate jurors. The government shall have six peremptory challenges, the defendant shall have ten peremptory challenges, and each side shall have one additional peremptory challenge for the alternate.

3. **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 30 minutes total to question the panel.

**4.     Jury instructions**: The Court received proposed jury instructions from the parties, which will be finalized before closing argument.

5.     **Trial exhibits**:  No later than May 16, 2008, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit.  The Court shall be provided with one set for its review during trial and each side shall provide one set for the other side.

6.     **Motions in limine**:

**Defendant's motions:**

**(1)  Motion to preclude evidence, argument or mention of defendant's "uncharged false statements" during 6/8/04 interview:** GRANTED IN PART/DENIED IN PART.  The defendant is only charged with the specified false statements and limiting instructions to this effect will be given upon request.  However, the government is not precluded from producing evidence concerning or mentioning other portions of defendant's 6/8/04 interview, to the extent required to provide context and meaning to the charged statements, even if such evidence demonstrates the falsity of other portions of the interview.

**(2) Motion to exclude FedEx labels produced by Angel Heredia:** Defendant contends the labels are inadmissible hearsay and are more prejudicial than probative.  The motion is DENIED, provided that the labels are properly authenticated.  They may serve the non-hearsay purpose of substantiating Heredia's testimony that he sent FedEx parcels to defendant and the FRE 403 objection is overruled on the current record.

**(3)  Motion to exclude faxed blood test results produced by Angel Heredia:** Defendant moves to exclude certain faxes, sent to Heredia and (according to the government's papers) to BALCO, with fax headers including defendant's name and fax number, on grounds of hearsay and FRE 403.  The motion is GRANTED IN PART/DENIED IN PART.  Absent authenticating testimony, the contents of the blood tests will not be received for their truth.  If Heredia testifies that he received and thereafter discussed the faxes with defendant, the faxes sent to him will be received for the non-

2

hearsay purpose of substantiating his testimony. If a government witness testifies that the other faxes were recovered at BALCO prior to the 6/8/04 interview with defendant, they may be admitted for the non-hearsay purpose of demonstrating materiality. If Valente testifies to a business record foundation, the BALCO faxes may be admissible on that account. The FRE 403 objection is overruled on this record.

**(4) Motion to preclude describing "performance enhancing drugs" as "illegal":** DENIED. Upon request, the Court will remind the jury that some performance enhancing drugs were banned for athletic purposes, but legal for others if properly prescribed. However, given the text of the indictment, the Court will not preclude the parties from referring to the relevant performance enhancing drugs as "illegal."

**(5) Motion to limit extent of Novitzky's "personal background information":** This motion is unopposed and is GRANTED.

**(6) Motion to restrict introduction of evidence regarding performance-enhancing drug use by defendant's athletes:** DENIED as overbroad, without prejudice to specific objection to specific testimony at time of trial.

**(7) Motion to preclude evidence that defendant's handwriting is on any of Marion Jones' BALCO doping calendars:** The motion is unopposed and is GRANTED.

**(8) Motion to preclude use of or argument about draft/letters from Victor Conte to IAAF or USADA regarding defendant:** This motion concerns letters or drafts of letters found in the trash at BALCO, unsigned and never sent. Defendant anticipates that the letters/drafts would be introduced through Agent Novitzky for purposes of materiality. To that extent, the motion is GRANTED on FRE 403 grounds. The letter/drafts are far more prejudicial than probative of materiality.

**Plaintiff's motion:**

**(1) Motion "re inextricably intertwined and 404(b) evidence":** The government seeks to present witnesses who were coached by defendant, who have admitted using performance-enhancing drugs provided by defendant, but who have no specific testimony to offer concerning

3

defendant's receipt of drugs from Heredia, as charged in the indictment. Defendant opposes the motion; see defendant's motion #6, above. The motion is DENIED at this time, without prejudice to reconsideration as the case progresses at trial.

**7. Other motions:** Defendant has recently filed another motion in limine, related to two pages of handwritten notes included in one of the government's proposed exhibits. The government has not had an opportunity to respond to the motion. The Court at this time ORDERS the parties not to use or refer to these documents until further order of court.

**IT IS SO ORDERED.**

Dated: May 14, 2008

_____
SUSAN ILLSTON
United States District Judge