IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 06-00725 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL** |
| v. | |
| TREVOR GRAHAM, | |
| Defendant. | |

Defendant Trevor Graham moves for a judgment of acquittal on three charges of providing false statements to a government agency. Argument on the matter was heard on July 18, 2008. Having considered the arguments of the parties and the papers submitted, the Court hereby DENIES defendant's motion.

**BACKGROUND**

Defendant was charged with three counts of making false statements to the government in violation of 18 U.S.C. § 1001(a), based upon statements he made in an interview with government agents on June 8, 2004. The first count of the indictment charged defendant with falsely stating "that he never set up any of his athletes with drugs obtained from" Angel "Memo" Heredia. The second count charged defendant with falsely stating "that he had never met [Heredia] in person." The third count charged defendant with falsely stating "that he last contacted [Heredia] via a phone call in approximately 1997." On May 29, 2008, a jury found defendant guilty of count three but was unable to reach a unanimous verdict on the first two counts.

**LEGAL STANDARD**

Federal Rule of Criminal Procedure 29(c) permits a court to "set aside the verdict and enter an acquittal" if the jury has returned a guilty verdict or "[i]f the jury has failed to return a verdict." Fed. R. Crim. P. 29(c)(2). "In ruling on a Rule 29 motion, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002) (internal quotation marks omitted). The court "must bear in mind that it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." *United States v. Rojas*, 554 F.2d 938, 943 (9th Cir. 1977) (internal quotation marks omitted); *see also Alarcon-Simi*, 300 F.3d at 1176.

**DISCUSSION**

Defendant moves for a judgment of acquittal on all three counts pursuant to Rule 29. Defendant first argues that a judgment of acquittal should be entered because there was insufficient evidence presented to the jury that defendant's statements were material to the ongoing investigation conducted by the Internal Revenue Service–Criminal Investigation Division ("IRS–CID"). A statement is material if it "is *capable* of influencing or affecting a federal agency," such that the false statement "need not have actually influenced the agency." *United States v. Service Deli, Inc.*, 151 F.3d 938, 941 (9th Cir. 1998); *see also United States v. De Rosa*, 783 F.2d 1401, 1408 (9th Cir. 1986) (statement is material if it "(1) could affect or influence the exercise of governmental functions; or (2) has a natural tendency to influence or is capable of influencing agency decision").

Having considered the arguments of the parties, the Court holds that there was sufficient evidence presented to the jury from which a rational fact-finder could have found that defendant's statements were capable of influencing the actions of the Bay Area Laboratory Co-Operative ("BALCO") investigation by the IRS–CID. The motion for judgment of acquittal on the question of materiality is DENIED.

Defendant also argues that a judgment of acquittal should be entered because there was insufficient evidence presented to the jury that defendant "knowingly and willfully" made false

statements to government agents.  The Court holds that there was sufficient evidence presented to the jury from which a rational fact-finder could have found that defendant's statements were knowingly and willfully false.  The motion for judgment of acquittal on the question of falsity is DENIED.

**IT IS SO ORDERED.**

Dated: July 21, 2008

SUSAN ILLSTON
United States District Judge