IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 06-00725 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION REQUESTING EXTENSION FOR APPEAL AND DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION** |
| v. | |
| TREVOR GRAHAM, | |
| Defendant. | |

Defendant Trevor Graham has filed a *pro se* motion requesting an extension for appeal and another *pro se* motion to dismiss for lack of jurisdiction. For the reasons set forth below, the Court DENIES both defendant's motion requesting an extension for appeal and his motion to dismiss for lack of jurisdiction.

**BACKGROUND**

Defendant was convicted after a jury trial, and judgment was entered on November 12, 2008. *See* Second Am. Judgment. On October 4, 2010, defendant filed a motion requesting an extension to appeal his jury conviction. *See* Def. Mot. Requesting Extension for Appeal.[1] On October 27, defendant filed a motion to dismiss for lack of jurisdiction. *See* Def. Mot. to Dismiss.[2]

---

[1] On October 25, 2009, defendant wrote a letter to Judge Susan Illston, the sentencing judge, in order to "share with [Judge Illston] some facts that were not mentioned at trial" and "see if there is anything that can be done although the sentencing is over." Def. Letter to Judge Illston, at 1. He claimed that (1) the statute of limitations had run for the crimes he was convicted of at his jury trial, and (2) the length of his probation was incorrectly calculated. *Id.*

[2] On October 26, 2010, defendant filed a notice of appeal at the Ninth Circuit Court of Appeals, challenging his conviction. *See* Def. Notice of Appeal.

**LEGAL STANDARD**

**I.     Notice of Appeal**

Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(I), a criminal defendant must file a notice of appeal with the district court within fourteen days of the entry of judgment. The district court may grant a thirty-day extension to file a notice of appeal upon a finding of "excusable neglect or good cause." Fed. R. App. P. 4(b)(4). Such an extension of time is "not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." *Id.*

In a criminal case, a district court lacks the authority to extend the deadline to file a notice of appeal more than forty-four days past the entry of judgment, regardless of whether excusable neglect or good cause could be shown. *United States v. Clark*, 984 F.2d 319, 320 (9th Cir. 1992); *see also United States v. Buzard*, 884 F.2d 475, 475 (9th Cir. 1989) (finding that "[b]ecause more than thirty days had elapsed from the expiration of the time otherwise prescribed for filing the notice of appeal, the [district] court was not authorized under Rule 4(b) of the Federal Rules of Appellate Procedure to extend the time for filing the notice of appeal, even if excusable neglect were shown").

**II.    Venue**

According to Federal Rule of Criminal Procedure 18, "[u]nless a statute or [the Federal Rules of Criminal Procedure] permit otherwise, the government must prosecute an offense in a district where the offense was committed." An objection to venue is waived, however, when it is not raised until after the jury has returned a guilty verdict. *United States v. Powell*, 498 F.2d 890, 891 (9th Cir. 1974).

**DISCUSSION**

**I.     Motion Requesting Extension for Appeal**

In his motion requesting extension for appeal, defendant argues that he should be given an extension to appeal his jury conviction because new evidence has been discovered. According to

defendant, this "new evidence" consists of: (1) emails from one of the government witnesses,[3] (2) violation of due process, (3) "wrong jurisdiction," (4) prejudice to defendant, (5) failure to present key evidence at trial, (6) tolling of the statute of limitations on evidence presented at trial, (7) violation of Federal Rule of Criminal Procedure 18, (8) violation of Federal Rule of Criminal Procedure 17.1, (9) failure to receive *Miranda* warnings "prior to being process [sic] in San Francisco and prior to trial," (10) violation of Fifth and First Amendment rights, (11) ineffective assistance of counsel, and (12) violation of constitutional rights.[4] Def. Mot. Requesting Extension for Appeal, at 1-2. Defendant alleges that he was unaware of these grounds for appeal until recently. He also alleges that after his trial, his attorney advised him to wait two years before filing an appeal.

Judgment was entered against defendant on November 12, 2008. *See* Second Am. Judgment. The original deadline for defendant to file a notice of appeal was November 26, 2008, fourteen days after judgment was entered. If defendant had received the maximum extension for excusable neglect or good cause, the deadline would have been December 26, 2008. Defendant, however, did not request an extension to appeal his conviction until October 4, 2010. Because more than forty-four days have passed since the judgment was entered, his motion is untimely. The Court does not have the authority to grant defendant an extension to appeal.

## II.     Motion to Dismiss for "Lack of Jurisdiction"

Defendant's October 27 motion is labeled "Motion to Dismiss for Lack of Jurisdiction." *See* Def. Mot. to Dismiss. However, defendant's motion is substantively an appeal of his conviction, as he lists several violations the government allegedly committed against defendant. Specifically, he alleges (1) violation of the Tenth Amendment, (2) violation of Federal Rule of Criminal Procedure 18, (3) violation of Article 3, Section 2 of the United States Constitution, (4) violation of the Sixth Amendment, (5) violation of the Eighth Amendment, (6) violation of the Fifth Amendment, (7) violation of § 1805(2)

---

[3] Defendant does not include copies of these emails with his motion, nor does he describe their contents.

[4] Defendant does not specify which constitutional rights were allegedly violated.

3

of the United States Code,[5] (8) violation of other constitutional rights,[6] (9) ineffective assistance of counsel, (10) defamation of character, (11) violation of the Second Amendment, (12) violation of due process, and (13) violation of the "right to vote and bear arms." *Id.* at 1-2. Defendant also challenges the venue of his trial, as he argues that "the trial should have taken place where the offense took place which is North Carolina." *Id.* at 2.

To the extent that defendant's motion is effectively an appeal of his conviction, it is denied for the same reason that his motion requesting extension for appeal is denied. That is, defendant cannot be granted an extension to appeal his conviction because the motion is untimely. Furthermore, as to defendant's challenge to venue, any challenge to the venue of his trial has been waived because the jury has already returned a guilty verdict.

## CONCLUSION

The Court hereby DENIES defendant's motion requesting an extension to appeal his conviction (Docket No. 234) and DENIES defendant's motion to dismiss for lack of jurisdiction (Docket No. 236).

**IT IS SO ORDERED.**

Dated: December 6, 2010

SUSAN ILLSTON
United States District Judge

---

[5] Defendant does not specify which title of the United States Code he is referring to.

[6] Defendant does not specify which other constitutional rights were allegedly violated.

4