IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, | No. C 06-00725 SI |
| Plaintiff, | **ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL** |
| v. | |
| TREVOR GRAHAM, | |
| Defendant. | |

Defendant Trevor Graham has filed a motion to waive court fees that the Court construes as a motion to proceed in forma pauperis ("IFP") on appeal.

IFP applications are reviewed using a two-part analysis pursuant to 28 U.S.C. § 1915. First, the Court must determine that the applicant qualifies financially to proceed IFP. 28 U.S.C. § 1915(a)(1). Next, the Court must ensure that the applicant states cognizable, non-frivolous claims or defenses. Id. § 1915(e)(2)(B). The Court may "at any time" dismiss an IFP action or appeal if it determines that the action or appeal "is frivolous or malicious." *Id.*

The Court assumes that defendant qualifies financially to proceed IFP. The Court previously ordered payment of costs for defendant's travel to attend trial. *See* Doc. 165. However, it does not appear that defendant has stated any cognizable, non-frivolous claims or defenses.

The Court entered a second amended judgment in this case on November 12, 2008. Doc. 229. On October 4, 2010, nearly two years later, defendant filed a motion in this Court requesting that the time for him to file an appeal be extended. On October 27, 2010, defendant filed a motion to dismiss the charges in the case for lack of jurisdiction. Doc. 236. On November 1, 2010, defendant filed a notice of appeal of the underlying conviction to the Ninth Circuit Court of Appeals. Doc. 238. It

1 appears that defendant also attempted to file something with the Fourth Circuit Court of Appeals around
2 the same time. *See* Doc. 240 (acknowledging receipt of proposed filing and instructing defendant to file
3 with the Ninth Circuit instead). He had not previously appealed his conviction.

4 On December 6, 2010, this Court denied defendant's motions for time and to dismiss. Doc. 242.
5 The Court noted that in a criminal case, a district court lacks the authority to extend the deadline to file
6 a notice of appeal more than forty-four days past the entry of judgment, regardless of whether excusable
7 neglect or good cause could be shown. The Court then explained that defendant's motion to dismiss
8 was effectively an appeal of his conviction, and denied that motion for the same reason: timeliness.

9 The government has moved in the Ninth Circuit to dismiss defendant's appeal, arguing that it
10 is untimely and that defendant waived his right to appeal "on any grounds" pursuant to a post-trial
11 agreement with the government. Appellate Case No. 10-10502, Docket No 4. On December 21, 2010,
12 the Ninth Circuit issued an order to show cause in writing within 21 days why the appeal should not be
13 dismissed for lack of a timely notice of appeal. *Id.* Doc. 5. Although defendant did file something with
14 the court within that time period, it did not address the government's timeliness argument. *Id.* Doc. 6.

15 There do not appear to be any meritorious grounds upon which defendant can appeal his
16 conviction in this case at this time, given how much time has passed since judgment was entered.
17 Accordingly, defendant's application to proceed IFP on appeal is DENIED. (Docket No. 243).
18 Pursuant to Federal Rule of Appellate Procedure 24(a)(4), the Clerk is hereby directed to serve a copy
19 of this order on defendant and to forward a copy of this order, along with the case file, to the Ninth
20 Circuit.

22 **IT IS SO ORDERED.**

24 Dated: March 8, 2011

SUSAN ILLSTON
United States District Judge

2