IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>           Plaintiff,<br>   v.<br>TREVOR GRAHAM,<br><br>           Defendant.<br>                                        / | No. CR 06-00725 SI<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REOPEN THE CASE AND REQUEST FOR RECUSAL** |

Currently before the Court are defendant Trevor Graham's motion to reopen his case and his request for recusal. The Court DENIES defendant's motion and request, for the reasons set forth below.

**1.    Motion to Reopen the Case**

The Court entered a second amended judgment in this case on November 12, 2008. Docket No. 229. Defendant did not appeal his case within the requisite forty-four days of judgement. Instead, in October 2010, nearly two years later, defendant filed separate motions requesting that the time for him to file an appeal be extended and to dismiss the charges in the case for lack of jurisdiction. Docket No. 234, 236. On December 6, 2010, this Court denied defendant's motions for extension of time and to dismiss, noting that in a criminal case, a district court lacks the authority to extend the deadline to file a notice of appeal more than forty-four days past the entry of judgment, regardless of whether excusable neglect or good cause could be shown. Docket No. 242.

On January 27, 2011, defendant moved for leave to proceed on appeal IFP. The Court denied the motion for IFP on the same grounds that it denied defendant's motions for time extension and dismissal: the appeal was untimely. Docket Nos. 243, 244. Defendant then paid the filing fee for his appeal, and on March 16, 2011, the Ninth Circuit dismissed his appeal as moot. Docket Nos. 245, 246.

Defendant was not granted IFP status to appeal his case to the Supreme Court, and when he failed to timely pay the filing fees, the case was closed. Docket Nos. 248, 252. Defendant now moves to reopen his case.

The Court finds that it may not reopen this case. In a criminal case, a defendant must appeal the judgment within forty-four days. It has now been over four years. The Ninth Circuit denied defendant's appeal as moot. When defendant failed to appeal that decision to the Supreme Court, the case was properly closed. This Court may not reopen it.

**2.      Request for Recusal**

There are two provisions that govern the recusal of a judge. Under 28 U.S.C. § 144, a defendant may file a timely and legally sufficient affidavit that the judge is prejudiced. When this is done, the judge shall then proceed no further in that case unless another judge determines there is no bias. Under 28 U.S.C. § 455(a), a judge has a duty to recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned.." Unlike section 144, section 455 is not conditioned on the filing of an adequate and timely affidavit, but is a self-enforcing duty of the judge. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). "Moreover, section 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on a case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself." *Id.* at 868

In this case, defendant did not submit an affidavit, and his recusal request states in its entirety: "Comes now, is Defendant Trevor Graham requesting the United States District Court for the Northern District of California to re-move the current trial judge Susan Illston from my case because I strongly don't believe that she was impartial in my case or to me."

The Court finds that this is legally insufficient. Section 144 requires both that the document be sworn (an affidavit), and that the document "shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard." Here, the document is not sworn, and defendant has not alleged any facts

1  or stated any reason for his belief that there is bias. Thus, the motion is legally insufficient, and relief
2  under section 144 is foreclosed. *See Sibla*, 624 F.2d at 867 (finding that the district judge could
3  determine the sufficiency of the affidavit and affirming the judge's determination that the affidavit is
4  not legally sufficient because the motion and affidavit "contain only [the defendant's] conclusions and
5  are devoid of specific fact allegations tending to show personal bias stemming from an extrajudicial
6  source").

7  However, a judge still has a duty to recuse herself in any proceeding in which her "impartiality
8  might reasonably be questioned." 28 U.S.C. § 455(a). Section 455 is a "a matter which rests within the
9  sound discretion of the judge." *Id.* at 868. Generally, extrajudicial sources are the primary bases for
10 establishing disqualifying bias or prejudice under § 455. *Liteky v. United States*, 510 U.S. 540, 551
11 (1994). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the
12 course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or
13 partiality motion unless they display a deep-seated favoritism or antagonism that would make fair
14 judgment impossible." *Id.* at 555. Judicial rulings alone may constitute grounds for appeal, but almost
15 never constitute a valid basis for a bias or impartiality motion. *See id.*; *Leslie v. Grupo ICA*, 198 F.3d
16 1152, 1160 (9th Cir. 1999) (court's adverse rulings are not an adequate basis for recusal); *see also*
17 *United States v. Martin*, 278 F.3d 988, 1005 (9th Cir. 2002) (finding that a judge's "testy" remarks
18 during sentencing did not justify recusal under *Liteky*). The Court finds no extrajudicial basis for recusal
19 in this matter.

20 Accordingly, the Court DENIES defendant's motion to reopen the case, and DENIES
21 defendant's request for recusal. Docket Nos. 255, 256.

23 **IT IS SO ORDERED.**

25 Dated: February 12, 2013

SUSAN ILLSTON
United States District Judge

3