IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Respondent,<br><br>  v.<br><br>TREVOR GRAHAM,<br><br>    Defendant-Petitioner.<br> / | No. C 06-00725 SI<br><br>**ORDER DENYING DEFENDANT'S PETITION FOR WRIT OF CORAM NOBIS** |

A petition by defendant Trevor Graham, represented by counsel, for writ of coram nobis pursuant to 28 U.S.C. § 1651(a) is scheduled to be heard on July 11, 2014. Docket No. 262. The Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. Having considered the arguments of the parties and the papers submitted, the Court hereby DENIES defendant's petition.

**BACKGROUND**

On June 8, 2004, as part of the government's investigation into Balco Laboratories, Inc. ("Balco") and Victor Conte, Jr., two Internal Revenue Service - Criminal Investigation Division ("IRS - CID") agents interviewed defendant at his attorney's office in Raleigh, North Carolina. Docket No. 262 Exs. A-B. On November 2, 2006, defendant was indicted for three counts of making false statements to a government agency in violation of 18 U.S.C. § 1001(a)(2) based upon statements he made during the June 8, 2004 interview. Docket No. 1. The first count of the indictment charged defendant with falsely stating "that he never set up any of his athletes with drugs obtained from" Angel "Memo" Heredia. *Id.* ¶ 11. The second count charged defendant with falsely stating "that he had never met

[Heredia] in person." *Id.* ¶ 13. The third count charged defendant with falsely stating "that he last contacted [Heredia] via a phone call in approximately 1997." *Id.* ¶ 15. On May 29, 2008, a jury found defendant guilty of count three but was unable to reach a unanimous verdict on the first two counts. Docket Nos. 187-188.

On June 20, 2008, defendant filed a motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. Docket No. 196. On July 21, 2008, the Court denied defendant's motion for judgment of acquittal. Docket No. 207. Also on July 21, 2008, the parties filed an agreement whereby defendant agreed to waive his right to appeal his conviction, but not his sentence, as to count three and agreed to waive his right to collaterally attack his conviction on count three at any time, except for a claim that his right to the effective assistance of counsel was violated.[1] Docket No. 206 ¶¶ 3-4. In exchange, the government agreed not to retry counts one and two and to move to dismiss counts one and two against defendant. *Id.* ¶ 5. On August 13, 2008, the Court dismissed counts one and two of the indictment without prejudice. Docket No. 210. On October 22, 2008, the Court entered judgment against defendant on count three and sentenced defendant to five years probation. Docket No. 224. On November 4, 2008, the Court entered an amended judgment, and on November 12, 2008, the Court entered a second amended judgment. Docket Nos. 228, 229.

On October 4, 2010, defendant, now proceeding pro se, filed a motion for extension of time to file an appeal, and on October 27, 2010, defendant filed a motion to dismiss for lack of jurisdiction where defendant challenged, among other things, whether venue was proper in this Court because the offenses took place in North Carolina. Docket Nos. 234, 236. On November 1, 2010, defendant filed an appeal. Docket No. 238. On December 6, 2010, the Court denied defendant's motion for extension of time and his motion to dismiss for lack of jurisdiction. Docket No. 242. In the order, the Court explained that any challenge to venue was waived because the jury had already returned a guilty verdict. *Id.* at 4 (citing *United States v. Powell*, 498 F.2d 890, 891 (9th Cir. 1974)). On March 16, 2011, the Ninth Circuit dismissed defendant's appeal as untimely. Docket No. 246. On May 23, 2012, after

---

[1] In the present petition, defendant states that he was proceeding pro se when he entered into this agreement. Docket No. 262 at 4. However, the record shows that defendant was still represented by William P. Keane at the time he entered into the agreement. Docket No. 206 at 4.

2

defendant failed to pay the required filing fees, the Supreme Court closed his case. Docket No. 253.

On November 14, 2012, defendant filed a motion for recusal, and on January 11, 2013, defendant filed a motion to reopen his case. Docket Nos. 255, 256. On February 12, 2013, the Court denied both motions. Docket No. 257. On August 12, 2013, the Court denied defendant's motion for expungement. Docket No. 260.

On June 4, 2014, defendant filed the present petition for writ of coram nobis. Docket No. 262. In the petition, defendant argues that the petition should be granted because his conviction was in violation of his Sixth Amendment right to effective assistance of counsel due to his counsel's failure to challenge venue. *Id.*

**LEGAL STANDARD**

The writ of coram nobis "is available to vacate a conviction even when the defendant is no longer in custody." *United States v. Walgren*, 885 F.2d 1417, 1420 (9th Cir. 1989) (citing *United States v. Morgan*, 346 U.S. 502, 511 (1954)). "The writ provides a remedy for those suffering from the 'lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact' and 'egregious legal errors.'" *Id.* "Both the Supreme Court and [the Ninth Circuit] have long made clear that the writ of error coram nobis is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." *United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007); *see also Carlisle v. United States*, 517 U.S. 416, 429 (1996) ("'[I]t is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate.'"). "[D]istrict courts have the power to issue the writ under the All Writs Act, 28 U.S.C. § 1651(a)." *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002).

> "[A] petitioner must show the following to qualify for coram nobis relief: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character."

*Riedl*, 496 F.3d at 1006. "Because these requirements are conjunctive, failure to meet any one of them is fatal." *Matus-Leva*, 287 F.3d at 760.

3

**DISCUSSION**

The Court concludes that the present petition should be denied because defendant has failed to satisfy the second and fourth prongs of the above test.

**I.    Valid Reason for not Attacking the Conviction Earlier**

"'Because a petition for writ of error coram nobis is a collateral attack on a criminal conviction, the time for filing a petition is not subject to a specific statute of limitations.'" *United States v. Kwan*, 407 F.3d 1005, 1012 (9th Cir. 2005). "In lieu of a specific statute of limitations, courts have required coram nobis petitioners to provide valid or sound reasons explaining why they did not attack their sentences or convictions earlier." *Id.* "[C]ourts have denied relief on this ground where the petitioner has delayed for no reason whatsoever, where the respondent demonstrates prejudice, or where the petitioner appears to be abusing the writ." *Id.* at 1013.

Here, defendant has failed to provide the Court with a valid reason for not collaterally attacking his conviction earlier. On July 21, 2008, the parties entered into an agreement that expressly allowed for defendant to file a collateral attack to his conviction based on a claim that his right to effective assistance of counsel was violated. Docket No. 206. In addition, the record shows that defendant was aware of his arguments regarding whether venue was proper by at least October 2010. *See* Docket Nos. 234, 236. Yet, defendant did not attempt to collaterally attack his conviction until he filed the present petition in June 2014—three and a half years later. Defendant fails to provide a valid or sound reason for this delay.

In the petition, defendant argues that at the conclusion of the trial, he was advised by his counsel to wait two years before seeking relief. Docket No. 262 at 8; *see also* Docket No. 234 at 2. Even assuming this is true, this would only be a valid reason for defendant to wait until May 2010 to collaterally attack his conviction, not to wait until June 2014. Defendant also argues that he attempted to raise the issue of venue before this Court in 2010, but the Court denied his motion. Docket No. 262 at 8. This is true, but this does not explain why after the Court's denial of the motion, defendant did not then seek to collaterally attack his conviction by raising the present ineffective assistance of counsel

4

claim. Finally, defendant states that it was not until he consulted with his current law firm that he learned that he could pursue coram nobis relief, and upon learning of coram nobis relief, he promptly raised his claim. *Id.* Even assuming this is true, defendant fails to explain why he waited until 2014 to seek the advice of counsel regarding his potential avenues for relief.[2] Indeed, this fact distinguishes the present case from the primary authority relied on by defendant, *United States v. Kwan*.[3] In *Kwan*, the Ninth Circuit found that the defendant had "provided a reasonable explanation for not challenging his conviction earlier" where the defendant "sought the advice of counsel and pursued legal remedies to address the collateral consequences of his conviction during the period of delay." 407 F.3d at 1013. In contrast, here, there was at least a three and a half year period of delay where defendant did not seek the advice of counsel. In sum, defendant "has failed to offer any legitimate explanations for not raising [his] challenges to [his] conviction[] sooner or through more usual channels." *Riedl*, 496 F.3d at 1007. Accordingly, defendant has failed to satisfy the second prong of the test for coram nobis relief.[4]

## II.     The Error is of the Most Fundamental Character

A defendant "may satisfy the fundamental error requirement by establishing that he received ineffective assistance of counsel." *Kwan*, 407 F.3d at 1014. In an effort to meet this requirement, defendant argues that he was provided ineffective assistance of counsel in violation of his Sixth Amendment rights because his counsel failed to file a pre-trial motion to dismiss for improper venue

---

[2] In addition, defendant only states that he did not know about his ability to pursue coram nobis relief. Docket No. 262 at 8. Defendant never states that prior to seeking legal consultation from his present counsel, he was unaware that he could collaterally attack his conviction through other avenues such as a motion pursuant to 28 U.S.C. § 2255 while he was still serving his term of probation.

[3] In the petition, defendant also relies on the Ninth Circuit case *United States v. Tucor, Int'l, Inc.*, 189 F.3d 834 (9th Cir. 1999). The Court finds defendant's reliance on this case unpersuasive because the timeliness of the defendant's petition in *Tucor* did not appear to have been at issue in that case as the Ninth's Circuit's opinion contains no analysis at all of whether the defendant had provided valid or sound reasons for why it did not attack its conviction at an earlier time. *See generally id.*

[4] In his briefing, defendant argues that the government has failed to show that it was prejudiced by his delay in seeking relief. Docket No. 262 at 8; Docket No. 264 at 3. However, the issue of whether the government was prejudiced by the defendant's delay is irrelevant if the defendant is first unable to show that the delay was reasonable. *See Riedl*, 496 F.3d at 1007-09 ("Given that her delay was unreasonable, she cannot now bring her untimely facial challenge simply because the government is unable to show prejudice as to a new trial.").

5

pursuant to Federal Rule of Criminal Procedure 18 despite the lack of evidence showing that the offenses were committed within the jurisdiction of the Northern District of California. Docket No. 262 at 9-11.

A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove ineffective assistance of counsel, the defendant must first show that counsel's performance was deficient. *Id.* at 687. The defendant must show that counsel's representation fell below an objective standard of reasonableness, assessed based on prevailing professional norms at the time. *Silva v. Woodford*, 279 F.3d 825, 838 (9th Cir. 2002). Second, the defendant must show that counsel's deficient conduct prejudiced the outcome of the case. *See Strickland*, 466 U.S. at 687. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694. This requires a "substantial," not just "conceivable," likelihood of a different result. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 791 (2011)); *see also Gonzalez v. Knowles*, 515 F.3d 1006, 1016 (9th Cir. 2008) ("speculation is plainly insufficient to establish prejudice"). A court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

The Court concludes that defendant has failed to establish a violation of his Sixth Amendment right to effective assistance of counsel because defendant has failed to show that his counsel's conduct prejudiced the outcome of his case. To establish prejudice based on a failure to obtain a change of venue, the defendant must satisfy either the test for presumed prejudice or the test for actual prejudice. *See Harris v. Pulley*, 885 F.2d 1354, 1361 (9th Cir. 1989); *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994). To establish actual prejudice, the defendant must demonstrate that the jurors exhibited "actual partiality or hostility that could not be laid aside." *United States v. Sherwood*, 98 F.3d 402, 410 (9th Cir. 1996). To establish presumed prejudice, the defendant must show that "the record demonstrates that the community where the trial was held was saturated with prejudicial and inflammatory media publicity about the crime." *Harris*, 885 F.2d at 1361. "The presumed prejudice

principle is rarely applicable and is reserved for an 'extreme situation.'" *Id.* (citation omitted); *see also Skilling v. United States*, 130 S. Ct. 2896, 2915 (2010) ("A presumption of prejudice, our decisions indicate, attends only the extreme case.").

Defendant does not contend that he can show actual prejudice and instead relies on the test for presumed prejudice. Defendant argues that prejudice can be presumed because during the time of the trial, the Northern District of California was saturated with prejudicial and inflammatory media publicity about the Balco scandal. Docket No. 264 at 4. In support of this argument, the only evidence defendant provides to the Court is a law student note that contains citations to various media accounts of the Balco scandal. *See* Josi Kennon, Note, *When Rights Collide: An Examination of the Reporter's Privilege, Grand Jury Leaks, and the Sixth Amendment Rights of the Criminal Defendant*, 17 S. CAL. INTERDIS. L.J. 543 (2008). The Court has reviewed the note and concludes that it is insufficient to support a finding that the Northern District of California was saturated with prejudicial and inflammatory media publicity about the crime. First, the cited media accounts "contain[] no confession or other blatantly prejudicial information of the type readers or viewers could not reasonably be expected to shut from sight." *Skilling*, 130 S. Ct. at 2916. Indeed, neither the note nor any of the cited media accounts specifically refers to defendant or the crimes that were at issue during his trial. The media accounts only refer to Barry Bonds and the Balco scandal generally. *See id.* at 2916 n.17 (finding relevant that only "a slim percentage of Enron-related stories specifically named" the defendant). Second, the trial did not take place in a small community. The Northern District of California contains over seven million residents.[5] "Given this large, diverse pool of potential jurors, the suggestion that 12 impartial individuals could not be empaneled is hard to sustain." *Id.* at 2915 (declining to presume prejudice where the trial took place in Houston and at the time of the trial, "more than 4.5 million individuals eligible for jury duty resided in the Houston area"). Finally, the Court notes that the fact that the jury could not reach a verdict on two of the three counts weighs against a presumption of prejudice. "It would be odd for

---

[5] *See* United States Census Bureau, Annual Estimates of the Resident Population: April 1, 2010 to July 1, 2013, http://factfinder2.census.gov/faces/tableservices/jsf/pages/productview.xhtml?src=bkmk (listing the resident populations, as of April 1, 2010, for Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, San Francisco, San Mateo, Santa Clara, Santa Cruz, and Sonoma counties).

7

[a] court to presume prejudice in a case in which jurors' actions run counter to that presumption." *Id.* at 2916 (declining to presume prejudice where the jury acquitted defendant of nine insider-trading counts). Accordingly, defendant has failed to show that he was provided with ineffective assistance of counsel in violation of the Sixth Amendment, and, thus, he has failed to satisfy the fourth prong of the test for coram nobis relief.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendant's petition for writ of coram nobis.[6] Docket No. 262.

**IT IS SO ORDERED.**

Dated: July 9, 2014

SUSAN ILLSTON
United States District Judge

---

[6] The Court notes that there is no need to determine whether defendant is entitled to a certificate of appealability because a petition for writ of coram nobis is not subject to the certificate of appealability requirement. *See Kwan*, 407 F.3d at 1009-11.